OPINION TO THE SENATE.

APRIL 9, 1952.

OPINION TO THE SENATE in response to questions relating to effect of home rule amendment.

April 9, 1952

To the Honorable, the Senate
    of the State of Rhode Island and
        Providence Plantations.

We have received from the honorable senate a resolution requesting, in accordance with the provisions of section 2

of article XII of amendments to the constitution of this state, our written opinion upon certain questions of law which are stated as follows:

"Under section 4 of article XXVIII of the articles of amendment to the constitution of the state, requiring that an act involving the imposition of a tax or the expenditure of money by a particular town shall provide for the submission thereof to those electors in said town qualified to vote upon a proposition to impose a tax or for the expenditure of money,

"(a)   must the act provide for such submission at a general or special election, and if so must the act determine whether such submission shall be at a general election or at a special election and in case of a general election designate the particular general election or in case of a special election fix the time thereof, or

"(b)   must the act provide for such submission at a deliberative financial town meeting, or

"(c)   may the act prescribe some other appropriate procedure for such submission, or

"(d)   may the act provide for such submission by such one of the procedures referred to in (a), (b) and (c) above as the general assembly may by said act determine, or

"(e)   may the act provide for such submission by such one of the procedures referred to in (a), (b) and (c) above as the town council or other local board or officer may pursuant to authority conferred by said act determine?"

The questions (a) to (e) inclusive are separate but all relate generally to the same subject matter, namely, the method of submitting a legislative act involving the imposition of a tax or the expenditure of money to the duly qualified electors of a town for approval in accordance with the provisions of section 4 of article XXVIII of amendments, commonly referred to as the home rule amendment. Presumably, too, the questions contemplate legislation affecting a particular town as distinguished from a city and also refer to a special legislative enactment affecting a particular town

rather than a general act applicable alike to all cities and towns. They further relate to the period of time *after* the qualified electors of such town have duly adopted a so-called home rule charter under the provisions of said article XXVIII.

Question (a) referring to such a legislative enactment asks: "must the act provide for such submission at a general or special election, and if so must the act determine whether such submission shall be at a general election or at a special election and in case of a general election designate the particular general election or in case of a special election fix the time thereof?" Section 4 of said article XXVIII, after stating that the general assembly has power to legislate for any city or town by a general act applying to all cities and towns alike, provided such general act *shall not affect the form* of government of any city or town, goes on to state: "The General Assembly shall also have the power to act in relation to the property, affairs and government of a particular city or town provided that such legislative action shall become effective only upon approval by a majority of the qualified electors of the said city or town voting at a general or special election * * *."

If the sentence had ended there, no difficulty would arise. But after thus providing for an approval of such an act by the qualified electors of a town voting at a *general or special election,* it goes on to add the following qualification: "except that in the case of acts involving the imposition of a tax or the expenditure of money by a town the same shall provide for the submission thereof to those electors in said town qualified to vote upon a proposition to impose a tax or for the expenditure of money."

This last-quoted clause, which evidently was intended to operate as an exception to or modification of the immediately preceding proviso, seems to cause the ambiguity which prompted the questions here propounded. Presumably such clause may be read as if it were intended thereby to exempt any act involving the imposition of a tax or the

expenditure of money from the general requirements for submission to a general or special election as first stated in the proviso. On the other hand it may also be construed to limit or modify only the class of electors who in a town would be qualified to vote on such a proposition at a general or special election held in accordance with the express provisions set forth in the general proviso.

If the former construction were intended the question naturally arises as to what would be the appropriate form of the submission to the electors who would be qualified to vote their approval of such an act. No method of submission in such a case is expressly provided for in the exception clause and the only method of submission for such an approval which is mentioned in section 4 is the requirement that it be submitted to and be approved by qualified electors voting at a general or special election. Consequently, if this construction were to be adopted, it would be necessary to read into section 4 by inference some appropriate method, other than a general or special election, for submitting such an act for approval by the qualified electors in a town.

On the other hand if the clause containing this exception is construed to have been intended to add merely a limitation on the *class of voters* who in a town are qualified to vote an approval of such an act, there is no need to supply by implication any new form of submission. The reason is because the general proviso in mandatory terms sets forth that such an act *shall be submitted at a general or special election,* and the only limitation thereof would then be that such act must be approved by those who in a town were qualified to vote upon a proposition to impose a tax or for the expenditure of money.

This latter construction is both reasonable and consistent with the apparent plan and context of section 4. If it had been intended to have a submission of such an act, for example, to the qualified electors of a town at a special or

regular financial town meeting, it is fair to conclude that such method would have been expressly required in unmistakable terms. In our judgment the language and structure of section 4 grammatically and consistently lead to the conclusion that such an enactment as the question describes must be submitted for approval at a general or special election, subject to the limitation that only those electors who in a town are entitled to vote upon a proposition involving the imposition of a tax or for the expenditure of money are qualified to vote an approval thereof at such a general or special election.

In our opinion it follows that the act must also determine whether the submission shall be made to such qualified electors at a general election or at a special election, and further must designate the general election or the particular special election, as the case may be, at which the act is to be submitted for approval, and must fix the time thereof, in order to comply with the provisions of article XXVIII of amendments.

Question (b) reads: "must the act provide for such submission at a deliberative financial town meeting?" In view of our answer to question (a) it follows that this question is answered in the negative because the general assembly is required by section 4 to provide in the act for a proper submission thereof at a general or special election, subject only to the limitation that it must be approved by those electors who in a town are qualified to vote upon a proposition to impose a tax or for the expenditure of money.

Question (c) asks: "may the act prescribe some other appropriate procedure for such submission?" If the "other appropriate procedure" refers to a submission at a designated general or special election to be voted on by only those electors who in a town are qualified to vote upon a proposition to impose a tax or for the expenditure of money, the answer is in the affirmative. On the other hand if "other appropriate procedure" means a deliberative financial town

meeting or any method other than a general or special election as set forth in our answer to question (a), then this question is answered in the negative.

Question (d) asks: "may the act provide for such submission by such one of the procedures referred to in (a), (b) and (c) above as the general assembly may by said act determine?" This answer also is governed by our answer to question (a). The act must provide for a submission to properly qualified electors of a town voting at a general or special election in accordance with the procedure mentioned in section 4 of said article XXVIII of amendments. No other form of submission is appropriate in referring such an enactment for approval.

Question (e) is stated as follows: "may the act provide for such submission by such one of the procedures referred to in (a), (b) and (c) above as the town council or other local board or officer may pursuant to authority conferred by said act determine?" The question does not make sufficiently clear to us the identity of the other local board or officer that may be contemplated therein. In view of that fact it is difficult to answer the question more particularly than to state that the act of the general assembly must provide the essential details, method, type and time of submission to properly qualified electors of a town voting at a general or special election in accordance with the provisions of section 4 of said article XXVIII, as we have pointed out in our answer to question (a).

The above answers are respectfully submitted after as much consideration as it has been reasonably possible to give to the questions propounded and to the provisions of section 4 of article XXVIII of amendments.

Edmund W. Flynn<br>
Antonio A. Capotosto<br>
Hugh B. Baker<br>
Francis B. Condon<br>
Jeremiah E. O'Connell